UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO.: 10-04101-8-JRL |
| | ) | |
| DEREK THOMAS CURRIN | ) | |
| SSN: xxx-xx-9722 | ) | |
| PATRICIA MCFALL CURRIN | ) | Chapter 11 |
| SSN: xxx-xx-2379 | ) | |
| PO BOX 1113 | ) | |
| COATS, NC 27521 | ) | |
| | ) | |
| Debtor(s) | ) | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*


PLAN OF REORGANIZATION



RICHARD D. SPARKMAN
N. C. State Bar No. 6857

Attorney for Debtor(s)
RICHARD D. SPARKMAN & ASSOCIATES, P.A.
Post Office Box 1687
Angier, North Carolina 27501
Telephone: (919) 639-6181
(919) 639-6812 Facsimile

## TABLE OF CONTENTS

Summary of Plan ................................................................. 3

Definition ........................................................................ 4

Classification and Treatment of Classes of Creditors .............................. 7

Means of Execution ............................................................... 14

Modification of Claims and Cancellation Upon Payment .............................. 14

Provisions Governing Distributions ............................................... 14

Assumption of Unexpired Leases and Executory Contracts ........................... 15

Default of Debtor ................................................................ 15

Acceptance or Rejection of Plan: Effect of Rejection By An Impaired Class ........ 15

Cramdown For Impaired Creditors Not Accepting the Plan ........................... 16

Retention of Jurisdiction ........................................................ 16

Discharge Upon Confirmation of Plan On the Effective Date ........................ 17

Miscellaneous Provisions ......................................................... 18

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: ) | CASE NO.: 10-04101-8-JRL |
| DEREK T. CURRIN ) | |
| SSN: xxx-xx-9722 ) | |
| PATRICIA M. CURRIN ) | Chapter 11 |
| SSN: xxx-xx-2379 ) | |
| PO BOX 1113 ) | |
| COATS, NC 27521 ) | |
| ) | |
| Debtor(s) ) | |

## PLAN OF REORGANIZATION

Pursuant to the provisions of §§1123 and 1127 of the Bankruptcy Code (11 U.S.C. §§ 1123 and 1127), the Debtors, Derek Thomas Currin and Patricia McFall Currin, hereby submit the following Plan of Reorganization.

### I. SUMMARY OF PLAN

The Debtors' Plan of Reorganization ("Plan") proposes that all creditors receive distributions in cash on account of their allowed claims. The means of execution for the Debtors' Plan will involve payments from Debtors disposable income and partial liquidation of the Debtors' assets.

The Debtor(s) will pay the administrative costs in full on the Effective Date or upon such other mutually acceptable terms as the parties may agree.

Any and all priority taxes due and owing to the Internal Revenue Service, if any, shall be paid over a period of five (5) years and shall include statutory interest at the rate set by Internal Revenue Code §§ 6601 and 6621 determined in accordance with 11 U.S.C. § 511.

Any and all priority taxes due and owing to the North Carolina Department of Revenue, if any, shall be paid over a period of five (5) years and shall include statutory interest at the rate set by N.C.G.S.§ 105-241.1 determined in accordance with 11 U.S.C. § 511.

Likewise, the Harnett County Tax Collector shall be paid its ad valorem taxes over a period of five (5) years including statutory interest in accordance with state law and with 11 U.S.C. § 511.

The Debtors' residence located at 1329 Delma Grimes Road, Coats, NC 27521, is secured by a first deed of trust to BB&T Mortgage which will be decelerated, modified, and reamortized as outlined more fully herein.

The rental property known as 219 East Erwin Street; the rental duplex's located at 346-414 S. Orange Street, and the vacant lot located at 406 N. McKinley Street, all in Coats, NC 27521 are all secured with impaired notes and deeds of trust in favor of BB&T Mortgage which will be decelerated,

modified and reamortized as outlined more fully herein.

The Debtors also own property at 699 Lincoln Street, Coats, NC 27521 commonly known as the Stone Bridge Guest House secured with a promissory note and first deed of trust in favor of Charles A. Stewart which will be decelerated, modified and reamortized as outlined more fully herein.

The approximate total of known, undisputed, general unsecured claims is $445,852.13 (including under-secured portions of valued secured claims). In accordance with the Liquidation Analysis and Income and Expense Statement attached to Debtors' Disclosure Statement as *Exhibits A and B*, the unsecured creditors would receive a 31% dividend in a Chapter 7 liquidation from a pool of assets worth $140,621.25. The Debtors are proposing to pay allowed unsecured claims as per Class XI treatment herein pro rata the total sum of $141,000.00. $100,000.00 shall be paid from liquidation of the Debtor's 1/3 interest in Currin and Dorman, Inc., a closely held family corporation. The balance of $41,000.00 will be paid over ten (10) years bearing interest at four percent (4%) APR commencing ninety (90) days from the Effective Date with a thirty (30) day grace period, secured with a second deed of trust on the four (4) rental duplexes located at 346-414 S. Orange Street, Coats, NC 27521 valued at $244,920.00 less a lien in favor of BB&T Mortgage of $157,439.41 leaving equity of approximately $87,480.59.

The Debtors' liabilities will be paid according to the priorities of the Bankruptcy Code and further Orders of the Bankruptcy Court. The specific amounts and terms of payment will be made according to the further terms of this Plan and Confirmation Orders of the Court.

## II. DEFINITIONS

1. "BANKRUPTCY CODE" shall mean the United States Bankruptcy Code, Title 11 of the United States Code, as enacted in 1978 and thereafter amended. References to "§___" herein shall refer to a § of the Bankruptcy Code, 11 U.S.C. § 101, et seq.

2. "BANKRUPTCY RULES" shall mean the Federal Rules of Bankruptcy Procedure, as amended from time to time, as applicable to Chapter 11 cases.

3. "CLAIM" shall mean a duly listed or a timely filed claim which is allowed in order to be paid by the Court.

4. "CLASS" shall mean any one of the Classes of Claims or Interests designated in Article III of the Plan.

5. "CONFIRMATION DATE" shall mean the date of entry by the Court of an order confirming the Plan at or after a hearing pursuant to 11 U.S.C. § 1129.

6. "CONFIRMATION HEARING" shall mean the hearing conducted by the Court regarding confirmation of the Plan pursuant to 11 U.S.C. § 1129.

7. "CONFIRMATION ORDER" shall mean the order of the Court confirming the Plan.

8. "COURT" shall mean the United States Bankruptcy Court for the Eastern District of

North Carolina, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtors.

9. "CREDITORS" shall mean all creditors of the Debtors holding claims for unsecured debts, liabilities, demands or claims of any character whatsoever.

10. "DEBTORS" shall mean Derek Thomas Currin and Patricia McFall Currin.

11. "DISCLOSURE STATEMENT" shall mean the Disclosure Statement describing this Plan prepared in accordance with § 1125 and approved by order of the Bankruptcy Court, to be distributed to the holders of claims whose votes with respect to this Plan are to be solicited.

12. "DISPUTED CLAIM" shall mean any claim (a) that is scheduled by the Debtors as disputed, contingent or unliquidated, or (b) that is scheduled by the Debtors, or proof of which has been filed with the Bankruptcy Court and with respect to which a timely objection to allowance, in whole or part, has been filed and which objections have not been (I) withdrawn or settled, or (ii) determined by a Final Order.

13. "EFFECTIVE DATE" shall be eleven (11) days after entry of the Order Confirming Plan.

14. "FINAL DECREE" shall mean the order of this Court pursuant to Bankruptcy Rule 3022 closing this case.

15. "IMPAIRED" classes of creditors are those whose claims or interests are altered by the Plan, or who will not receive under the Plan the allowed amount of their claims in cash as of the "Effective Date" (as defined in the Plan).

16. "PETITION DATE" shall mean the date upon which the Debtor filed the voluntary Chapter 11 petition, May 20, 2010.

17. "PLAN" shall mean this Plan of Reorganization in its present form or as it may be amended or modified.

18. "PRIORITY CLAIM" shall mean any claim to the extent entitled to priority in payment under § 507.

19. "PRO-RATA" shall mean the amount of cash or property to be paid or distributed to a claimant with respect to an Allowed Claim on a particular date, in accordance with the ratio, as of such date, of the dollar amount of the Allowed Claim of such person in the indicated class to the aggregate dollar amount of Claims in the indicated class (including, in each such calculation, the full amount of Disputed Claims in the class which have been asserted or are otherwise pending and which have not yet been allowed or otherwise disposed of).

20. "SECURED CREDITORS" shall mean all creditors who hold a lien, security interest or

       any other encumbrances which have been properly perfected as required by law with respect to property owned by the Debtors, to the extent of the value of the collateral.

21. "SUBSTANTIAL CONSUMMATION" shall mean the time the Reorganized Debtor has commenced the distribution of initial Plan payments to all creditor classes.

22. "TAX CLAIM" shall mean any claim entitled to priority in treatment pursuant to § 507(a)(8).

23. "GENERAL UNSECURED CLAIM" shall mean any claim, whether or not liquidated or contingent, other than a secured claim, administrative claim, or priority claim.

### III. CLASSIFICATION AND TREATMENT OF CLASSES OF CREDITORS

**A.** **Class I - Administrative Costs**

(1) <u>Classification</u>. Class I consists of claims for any cost or expense of administration pursuant to §s 503, 506, and 507 of the Bankruptcy Code.

The following claims will be paid subject to Court approval:

| | |
|---|---|
| Richard D. Sparkman (estimated interim and final fees) | $32,000.00 |
| Against retainer of: | $32,074.00 |
| Keith Raynor, CPA (estimated) | $5,000.00 |
| Charles Hall, Attorney (estimated) | $10,000.00 |

(2) <u>Impairment</u>. This class will be unimpaired.

(3) <u>Treatment</u>. Administrative costs and expenses approved by the Court shall be paid in cash and in full on the Effective Date of the Plan.

    In the event that funds are not available to pay such costs and expenses on the Effective Date of the Plan, then each holder of such a claim will receive monthly payments from the Debtors cash flow until paid in full. Such claims remaining unpaid 30 days following the Effective Date shall accrue interest at a rate of 4% per annum.

**B.** **Class II - Ad Valorem Taxes**

(1) <u>Classification</u>. Class II consists of claims for taxes owed by the Debtors to any city, county, or other municipality or taxing entity entitled to tax the property of the Debtor based upon the value of the property assessed. The Debtors are aware of the following claims in favor of the Harnett County Tax Collector:

| TRACT | YEAR | DOLLAR AMOUNT |
|---|---|---|
| 600 S. Orange Street, Coats, NC 27521 | 2010 | $3,675.96 |
| 1329 Delma Grimes Road, Coats, NC 27521 | 2010 | $1,145.20 |
| 406 N. McKinley Street, Coats, NC 27521 | 2010 | $1,127.90 |
| 699 Lincoln Street, Coats, NC 27521 | 2010 | $811.04 |
| 205 E. Erwin Street, Coats, NC 27521 | 2010 | $1,163.42 |
| 219 E. Erwin Street, Coats, NC 27521 | 2010 | $866.95 |
| TOTAL: | | $8,790.47 |

(2) Impairment. This class will be unimpaired.

(3) Treatment. The Debtors shall pay this class in accordance with §s 507(a)(8) and 1129(a)(9)(C) of the Bankruptcy Code. This class shall receive deferred cash payments over a period ending not later than five years from the date of the Order for relief of a value equal to the full amount of such priority tax claim, with interest on such claim at the rate set by state law determined as of the calendar month in which the Plan is confirmed in accordance with §511 of the Bankruptcy Code. Monthly payments shall commence on the 10th day of the first full month following the Effective Date. Such payments will be paid directly by the Debtors.

C. Class III - Internal Revenue Service

(1) Classification. Class III consists of the secured and unsecured priority claims against the Debtors for income taxes and/or any and all other taxes levied or entitled to be levied against the Debtor by the Internal Revenue Service, plus statutory interest as allowed by law. The Debtors are aware of the following asserted claims for income tax liability:

| Kind of Tax | Tax Period | Date Assessed | Tax Due | Interest to Petition Date |
|---|---|---|---|---|
| Income | 12/31/2007 | 11/03/2008 | $315.00 | $148.60 |
| Income | 12/31/2008 | Per Return | $25,684.00 | $1,150.85 |
| Income | 12/31/2008 | Unassessed-No Return | $150.00 | $6.72 |
| Income | 12/31/2009 | Per Return | $0.00 | $0.00 |
| Income | 12/31/2009 | Unassessed-No Return | $156.00 | $0.60 |
| SUB TOTAL: | | | $26,485.00 | $1,306.77 |
| | | | | |
| TOTAL: | | | | $27,611.77 |

 (2) <u>Impairment</u>. This class will be unimpaired.

 (3) <u>Treatment</u>. The Debtors propose the following treatment:

**Secured and Unsecured priority tax claims** described in §507(a)(8) of the Bankruptcy Code shall be paid in monthly installments over a period not exceeding five (5) years from the date of the order for relief, with the first installment to be paid thirty (30) days from the Effective Date of the Plan. The Class III creditor shall retain its liens and secured status as to the underlying secured tax liability, if any, and shall accrue statutory interest at the rate set by Internal Revenue Code §§ 6601 and 6621, determined as of the calendar month in which the Plan is confirmed in accordance with § 511 of the Bankruptcy Code.

In the event the Debtors fail to make a monthly payment in accordance with the terms of this Plan then, subject to a thirty (30) day right to cure following written notice of default from the Class III creditor, the Class III creditor shall be permitted to exercise any and all of its collection remedies under non-bankruptcy law without further Orders of the Bankruptcy Court.

During the Plan repayment period as set forth above, the Class III creditor's secured and priority unsecured claims shall maintain their secured and priority status in accordance with 11 U.S.C. § 507(a)(8)(A) and 523(a)(1)(A) and any applicable statute of limitation on collection shall be tolled.

**D.** <u>**Class IV - North Carolina Department of Revenue**</u>

 (1) <u>Classification</u>. Class IV consists of the secured and unsecured priority claims against the Debtors for income taxes and/or any and all other taxes levied or entitled to be levied against the Debtors by the North Carolina Department of Revenue, plus statutory interest as allowed by law.
The Debtors are aware of the following asserted claims:

| N. C. Department of Revenue | Secured: | $0 |
| | Priority: | $10,073.00 |

 (2) <u>Impairment</u>. This class will be unimpaired.

 (3) <u>Treatment</u>. The Debtors propose the following treatment:

**Secured and unsecured priority tax claims** described in § 507(a)(8) of the Bankruptcy Code shall be paid in monthly installments over a period not exceeding five (5) years from the date of the order for relief. The Class IV creditor shall accrue statutory interest at the rate set by N.C.G.S. § 105-241.1, determined as of the calendar month in which the Plan is confirmed in accordance with §511 of the Bankruptcy Code.

Regular monthly payments shall commence at the conclusion of the first full month following thirty (30) days of the Effective Date and shall continue until the balance of the secured (if any) and unsecured priority Class IV claims are satisfied. Such payments will be paid directly by the Debtors.

In the event that the Debtors fail to make a monthly payment in accordance with the terms of this Plan then, subject to a thirty (30) day right to cure following written notice of default from the Class IV

creditor, the Class IV creditor shall be permitted to exercise any and all of its collection remedies under non-bankruptcy law without further Orders of the Bankruptcy Court.

During the Plan repayment period as set forth above, the Class IV creditor's secured (if any) and priority unsecured claims shall maintain their priority status in accordance with 11 U.S.C. § 507(a)(8)(A) and 523(a)(1)(A), and any applicable statute of limitation on collection shall be tolled.

E. <u>Class V - THE SECURED CLAIM OF BB&T MORTGAGE ("BB&T") - 1329 Delma Grimes Road, Coats, NC 27521.</u>

(1) <u>Classification</u>. BB&T, Loan No. ...0593 is fully secured with a first deed of trust on the Debtors' residence at 1329 Delma Grimes Road, Coats, NC 27521. The payoff on the first deed of trust as of the Petition Date was approximately $133,000.00. The five (5) year promissory note required fifty-nine (59) payments of $872.65 and a balloon payment of $133,140.37. The note bears interest at 6.25% and fully matured on July 15, 2010.

(2) <u>Impairment</u>. This class will be impaired.

(3) <u>Treatment</u>. BB&T shall be treated as a fully secured obligation of the Debtors. BB&T shall retain its lien to the extent of the value of its collateral pursuant to §1129(b)(2)(a)(i)(1) of the Bankruptcy Code until such claim is paid in full according to the terms of its contract as modified by this Plan. This contract shall be treated as a current, non-default loan. The outstanding balance shall be calculated on a non-default basis. The secured portion of this claim shall bear interest at four percent (4%) and shall be decelerated and treated as a current, non-default 30 year loan with application of a non-default contract rate of four percent (4%). Payment of principal and interest in the amount of **$634.96** shall commence on the 1st of the month following 30 days from the Effective Date with a 30 day grace period. Debtors shall be responsible for maintaining adequate insurance coverage with BB&T named as loss payee. Debtors shall make insurance premium payments directly. Property taxes for 2010 and prior years shall be paid pursuant to Class II treatment herein.

(4) In the event the Debtors fail to make timely mortgage payments; fail to make timely payment to property tax claims per the Plan; fail to pay post-petition property taxes in a timely manner; or fail to maintain adequate insurance on BB&T's collateral as BB&T named as loss payee, BB&T shall provide Debtors with a written notice of default under the terms of the Plan providing ten (10) additional days to cure default, failing which automatic stay and/or permanent injunction shall be automatically lifted and BB&T entitled to proceed with its legal remedies under state law without further orders of the Bankruptcy Court.

F. <u>Class VI - THE SECURED CLAIM BB&T MORTGAGE ("BB&T")-346-414 S. ORANGE STREET, COATS, NC 27521.</u>

(1) <u>Classification</u>. BB&T, Loan No.000021 is fully secured with a first deed of trust on four (4) rental duplexes valued per Debtor at $244,920.00 and secured with a first deed

        of trust in favor of BB&T Mortgage in the amount of $157,439.41 as of May 20, 2010, pursuant to Claim No. 8-1 filed by BB&T in this bankruptcy proceeding. The payoff includes attorney's fees of $3,816.14. The original note dated April 9, 2008 was in the principal amount of $158,000.00 bearing interest at 7.25%. The loan was modified on September 29, 2009 leaving the interest rate at 7.25% fixed; however, the maturity date was accelerated to April 2, 2010.

(2)     <u>Impairment</u>. This class will be impaired.

(3)     <u>Treatment</u>. BB&T shall retain its lien to the extent of the value of its collateral pursuant to § 1129(b)(2)(a)(i)(1) of the Bankruptcy Code until such claim is paid in full according to the terms of its contract as modified by this Plan. This contract shall be treated as a current, non-default loan. The outstanding balance shall be calculated on a non-default basis. The claim shall bear interest at four percent (4%) and shall be decelerated and treated as a current, non-default 30 year loan with application of a non-default contract rate of four percent (4%). Payment of principal and interest in the amount of $751.63 shall commence shall commence on the 1st of the month following 30 days from the Effective Date with a 30 day grace period. Debtors shall be responsible for maintaining adequate insurance coverage with BB&T named as loss payee. Debtors shall make insurance premium payments directly. Property taxes for 2010 and prior years shall be paid pursuant to Class II treatment herein.

(4)     In the event the Debtors fail to make timely mortgage payments; fail to make timely payment to property tax claims per the Plan; fail to pay post-petition property taxes in a timely manner; or fail to maintain adequate insurance on BB&T's collateral as BB&T named as loss payee, BB&T shall provide Debtors with a written notice of default under the terms of the Plan providing ten (10) additional days to cure default, failing which automatic stay and/or permanent injunction shall be automatically lifted and BB&T entitled to proceed with its legal remedies under state law without further orders of the Bankruptcy Court.

**G.**     <u>**Class VII - BB&T MORTGAGE ("BB&T") - 219 E. ERWIN STREET, COATS, NC 27521.**</u>

(1)     <u>Classification</u>. BB&T, loan no. 000023, is fully secured with a first deed of trust on rental property located at 219 E. Erwin Street, Coats, NC 27521. The payoff on the first deed of trust per BB&T is $44,045.76 as of May 20, 2010 including attorneys fees of $3,465.53. The loan was in the original amount of $40,000.00 dated May 23, 2008 bearing interest at prime plus one percent (1%) with a minimum of 6.25%, and was modified on September 29, 2009 with a new maturity of April 2, 2010 bearing interest at prime plus two percent (2%) with a minimum of 6.25%.

(2)     <u>Impairment</u>. This class will be impaired.

(3)     <u>Treatment</u>. BB&T shall be treated as a fully secured obligation of the Debtor. BB&T shall retain its lien to the extent of the value of its collateral pursuant to §1129(b)(2)(a)(i)(1) of the Bankruptcy Code until such claim is paid in full according to the terms of its contract as modified by this Plan. This contract shall be treated as a

current, non-default loan. The outstanding balance shall be calculated on a non-default basis. The claim shall bear interest at four percent (4%) and shall be decelerated and treated as a current, non-default 30 year loan with application of a non-default contract rate of four percent (4%). Payment of principal and interest in the amount of $210.28 shall commence on the 1st of the month following 30 days from the Effective Date with a 30 day grace period. Debtors shall be responsible for maintaining adequate insurance coverage with BB&T named as loss payee. Debtors shall make insurance premium payments directly. Property taxes for 2010 and prior years shall be paid pursuant to Class II treatment herein.

(4) In the event the Debtors fail to make timely mortgage payments; fail to make timely payment to property tax claims per the Plan; fail to pay post-petition property taxes in a timely manner; or fail to maintain adequate insurance on BB&T's collateral as BB&T named as loss payee, BB&T shall provide Debtors with a written notice of default under the terms of the Plan providing ten (10) additional days to cure default, failing which automatic stay and/or permanent injunction shall be automatically lifted and BB&T entitled to proceed with its legal remedies under state law without further orders of the Bankruptcy Court.

H. **Class VIII - BB&T MORTGAGE ("BB&T") - 406 N. McKINLEY STREET, COATS, NC 27521.**

(1) Classification. BB&T, loan no. 000024, is under secured with a first deed of trust on vacant lot located at 406 N. McKinley Street valued per Debtor at $83,240.00. The payoff on the first deed of trust as of May 20, 2010 was approximately $107,229.45 with a per diem of $17.2225 and includes legal fees of $3,523.30. The note was in the original amount of $100,000.00 and was dated 6/26/2008 and originally matured 06/26/2009 bearing interest at prime plus 1% with a minimum of 6.25%. The loan was modified on September 29, 2009 and extended to April 2, 2010 increasing the interest rate to prime plus 2% with a minimum of 6.25%. This loan is solely in the name of the male Debtor and was not co-signed and/or guaranteed by the co-debtor.

(2) Impairment. This class is impaired.

(3) Treatment. BB&T shall be treated as a secured obligation of the Debtors to the extent of $83,240.00 and unsecured to the extent of $23,989.45. BB&T shall retain its lien to the extent of the value of its collateral pursuant to 1129(b)(2)(a)(i)(1) of the Bankruptcy Code until such claim is paid in full according to the terms of its contract as modified by this Plan. This contract shall be treated as a current, non-default loan. The outstanding balance shall be calculated on a non-default basis. The secured portion of this claim shall be decelerated and treated as a current, non-default 30 year loan with application of a non-default contract rate of four percent (4%). Payment of principal and interest in the amount of $397.40 shall commence the 10th day of the month following thirty (30) days from the Effective Date with a 30 day grace period. Debtors shall be responsible for maintaining adequate insurance coverage with BB&T named as loss payee. Debtors shall make insurance premium payments directly. Property taxes for 2010 and prior years shall be paid pursuant to Class II treatment herein. The balance of $23,989.45 shall be paid as a Class XI unsecured claim herein.

(4) In the event the Debtors fail to make timely mortgage payments; fail to make timely payment to property tax claims per the Plan; fail to pay post-petition property taxes in a timely manner; or fail to maintain adequate insurance on BB&T's collateral as BB&T named as loss payee, BB&T shall provide Debtors with a written notice of default under the terms of the Plan providing ten (10) additional days to cure default, failing which automatic stay and/or permanent injunction shall be automatically lifted and BB&T entitled to proceed with its legal remedies under state law without further orders of the Bankruptcy Court.

I. **Class IX - FPC FINANCIAL, FSB ("FPC") - John Deere Gator and Zero Turn Mower**

(1) Classification. FPC, loan no. ...5335, is secured with a purchase money mortgage on a 2007 John Deere Gator and Zero Turn Mower purchased for residential use. The payoff to FPC pursuant to filed claim no.5-1 is $14,038.68 on a revolving credit account. The claim bears non-default interest at 3.99%.

(2) Impairment. This class will be impaired.

(3) Treatment. Per Debtors' valuation, this obligation shall be treated as a secured claim to the extent of $8,000.00. FPC shall retain its lien pursuant to §1129(b)(2)(a)(i)(1) of the Bankruptcy Code until such claim is paid in full according to the terms of its contracts modified by this plan. The contract shall be treated as a current non-default loan. The outstanding balance shall be calculated to a non-default basis. The secured portion of this claim shall be decelerated and treated as a non-default five (5) year loan with application of non-default contract rate of 3.99% and paid in monthly installments of $147.29 commencing the 10th day of the month following thirty (30) days from the Effective Date with a thirty (30) day grace period. The under-secured balance of FPC's claim in the amount of $6,038.68 shall be paid as a Class XI unsecured.

J. **Class X - THE SECURED CLAIM OF CHARLES A. STEWART ("STEWART")-699 LINCOLN STREET, COATS, NC 27521.**

(1) Classification. Stewart is fully secured with a first deed of trust on the Stone Bridge Guest House located at 699 Lincoln Street, Coats, NC 27521, valued per Debtors at $100,000.00. The payoff to Charles A. Stewart per Petition Date was approximately $100,000.00. The note fully matures February 26, 2011. The interest only note bears interest at ten percent (10%) per annum..

(2) Impairment. This class will be impaired.

(3) Treatment. Stewart shall be treated as a fully secured obligation of the Debtors to the extent of $100,000.00 the value of the property established per Debtors Plan. Stewart shall retain his lien to the extent of the value of the collateral pursuant to § 1129(b)(2)(a)(i)(1) of the Bankruptcy Code until such claim is paid in full pursuant to the term of his contract as modified by this Plan. This contract shall be treated as current, non-default loan. The outstanding balance shall be calculated on a non-default basis. The secured portion of this claim shall bear interest at four percent (4%), and

shall be decelerated and treated as a current, non-default thirty (30) year loan with application of default contract rate of four percent (4%). Principal and interest in the amount of $477.41 shall commence thirty (30) days from the Effective Date. Payments are due on the 1st day of the month following 30 days from the Effective Date, with a 30 day grace period. . Debtors shall be responsible for maintaining adequate insurance coverage with Charles A. Stewart named as loss payee. Debtors shall make insurance premium payments directly. Property taxes for 2010 and prior years shall be paid pursuant to Class II treatment herein.

**K.**   **Class XI - General Unsecured Claims**

(1)   Classification. This class consists of all allowed, undisputed, non-contingent unsecured claims, including under-secured claims that have been bifurcated.

(2)   Impairment. This class is impaired.

(3)   Treatment. The Debtors estimate the total allowed unsecured claims in this Class to be approximately $445,852.13. In accordance with the Liquidation Analysis and Income Expense Statement attached to Debtors' Disclosure Statement as *Exhibits A and B*, the Debtors are required to pay general unsecured claims at least $140,621.25. The Debtors' Plan proposes to pay the general unsecured creditor class the total sum of $141,000.00 (31%). $100,000.00 of this sum shall be paid from liquidation of Debtor's 1/3 interest in Currin and Dorman, Inc., a closely held family corporation, said distribution to be made within six (6) months of the Effective Date of the Plan. The balance of the distribution to unsecured creditors in the amount of $41,000.00 will be payable at four percent (4%) interest over ten (10) years commencing the 10th of the month following ninety (90) days from the Effective Date with a thirty (30) day grace period. To secure the payments proposed, the remaining payments proposed in this Class, the Debtors shall provide additional collateral to the Class XI creditors in the form of a $141,000.00 second deed of trust secured by the four (4) rental duplexes located at 346-414 S. Orange Street, Coats, NC 27521 valued at $244,920.00 less a lien in favor of BB&T Mortgage of $157,439.41 leaving equity of approximately $87,480.59.

## IV. MEANS OF EXECUTION

A.   The Debtors will make all payments as called for by the Plan, and the Debtors will further execute and deliver all documentation to the Bankruptcy Court and to all parties in interest as are entitled to receive the same as required by the terms of this Plan and the Bankruptcy Code.

B.   The Debtors shall take such other action as necessary to satisfy the other terms and requirements of this Plan and the Bankruptcy Code.

C.   All funds necessary for the implementation of this Plan shall be obtained from funds (1) in the possession of the Debtors; (2) generated from future rents and income of the Debtors, and; (3) liquidation of Debtor's 1/3 interest in Currin & Dorman, Inc..

D.   Administrative claims unpaid on the Effective Date will be paid from the future income

of the Debtors. Professional fees and expenses will be paid on the Effective Date or as soon thereafter as they are approved by the Bankruptcy Court. Professional fees and expenses incurred following confirmation will be paid directly by the Debtors without necessity of prior Bankruptcy Court approval.

E. **All objections to claims and adversary proceedings shall be filed with the Court within 120 days of the Effective Date.**

## V. MODIFICATION OF CLAIMS AND CANCELLATION UPON PAYMENT

The claims stated herein, by modification, Court Order, or other legally appropriate manner, might be modified throughout the course of payment under this Plan. The Debtors, upon full payment as called for under the notes and deeds of trust, if any, shall be entitled to have the notes marked paid and satisfied and the deeds of trust canceled as a matter of record, by the Trustee, or by appropriate application to this Bankruptcy Court, and upon a showing that the full amount of the monthly payments were made by the Debtors.

## VI. PROVISIONS GOVERNING DISTRIBUTIONS

A. <u>Delivery of Distributions in General</u>. Distributions to holders of allowed claims shall be made: (i) at the addresses set forth in the proofs of claim filed by such holders; (ii) at the addresses set forth in any written notices of address change submitted to the Court or Attorney for the Debtor after the date on which any related proof of claim was filed; or, if the information described in clauses (i) or (ii) is not available, (iii) at the addresses reflected in the Debtors' schedules of liabilities.

B. <u>Distribution Dates</u>. It is the intent of this Plan that the distribution shall occur as early as practicable following the Effective Date, unless otherwise stated herein. There shall be no pre-payment penalty.

## VII. ASSUMPTION OF UNEXPIRED LEASES AND EXECUTORY CONTRACTS

Except as specified hereinbelow, all unexpired leases and executory contracts which exist between the Debtors and any individual or entity, whether such unexpired lease and executory contract be in writing or oral, which have not heretofore been rejected or heretofore been approved by Orders of the Court, are hereby specifically assumed: provided, however, that this provision is not intended to assume any agreement for the renewal or the extension of any loan or funds presently binding and in effect between the Debtor and secured creditors set forth herein in contravention of the terms of this Plan. In the event of conflicting language, the terms of this Plan shall control.

## VIII. DEFAULT OF DEBTOR

Should the Debtors default in the terms of this Chapter 11 proceeding prior to substantial consummation, then the Court, upon Motion of any party in interest, shall set the proceeding up for Show Cause Hearing as to why the Debtors should not be converted to a straight bankruptcy proceeding and for such other sanctions as the Court may deem necessary. For purposes of default, One Hundred Eighty

(180) days after the Effective Date shall be deemed to be a reasonable period of time with which to consummate the terms of the Confirmed Plan. Creditors' remedies upon default after substantial consummation shall be in state court according to the terms of their Notes and Security Instruments as amended or modified by this Plan.

## IX. ACCEPTANCE OR REJECTION OF PLAN; EFFECT OF REJECTION BY AN IMPAIRED CLASS

A.     <u>Each Impaired Class Entitled to Vote Separately</u>. Each impaired class of claims shall be entitled to have the holders of claims therein vote separately as a class to accept or reject the Plan.

B.     <u>Acceptance by a Class of Creditors</u>. Consistent with § 1126(c) of the Bankruptcy Code, and except as provided in § 1126(e) of the Bankruptcy Code, a class of claims shall have accepted the Plan if the Plan is accepted by holders of at least two-thirds (2/3) in dollar amount and more than one-half (½) in number of the allowed claims of that class that have timely and properly voted to accept or reject the Plan.

C.     <u>Claimants Entitled to Vote</u>. Holders of impaired claims shall be entitled to vote if:

(1)     Such claim has been filed against the Debtor in a liquidated amount or has been listed on the Debtor's schedules other than as contingent, unliquidated or disputed, and as to which no proof of claim has been filed. The claim shall be allowed solely for the purpose of voting on the Plan in the amount in which such claim has been filed or listed on the Debtors' schedules;

(2)     Such claim has been filed against the Debtors or listed on the Debtors' schedules and is the subject of an existing objection filed by the Debtors, and is temporarily allowed for voting purposes by order of the Court in accordance with Bankruptcy Rule 3018;

(3)     Such claim has been filed in an undetermined amount, in which case the creditor shall not be entitled to vote unless the Debtors and the holder of the claim agree on an amount for voting purposes or the Court enters an order setting the amount of the claim that the creditor may ballot.

(4)     Any entity holding two or more duplicate claims shall be entitled to vote only one claim.

D.     <u>Confirmation Hearing</u>. The Court will set a hearing on the confirmation of the Plan to determine whether the Plan has been accepted by the requisite number of creditors and whether the other requirements for confirmation of the Plan have been satisfied.

E.     <u>Acceptances Necessary to Confirm the Plan</u>. At the hearing of confirmation of the Plan, the Court shall determine, among other things, whether the Plan has been accepted by each impaired class. Under § 1126 of the Bankruptcy Code, an impaired class of creditors is deemed to accept the Plan if at least two-thirds (2/3) in amount and more than one-half (½) in number vote to accept the Plan. Further, unless there is unanimous acceptance of the Plan by an impaired class, the Court must also determine that class members will receive property with a value, as of the Effective Date of the Plan, that is

not less than the amount that such class member would receive or retain if the Debtor was liquidated as of the Effective Date of the Plan under Chapter 7 of the Bankruptcy Code.

F. <u>Confirmation of Plan Without Necessary Acceptances</u>. The Bankruptcy Code provides that the Plan may be confirmed even if it is not accepted by all impaired classes. In order to be confirmed without the requisite number of acceptances of each impaired class, the Court must find that at least one impaired class has accepted the Plan without regard to the acceptances of insiders, and the Plan does not discriminate unfairly against, and is otherwise fair and equitable, to such impaired class. In the event that any class votes against the Plan, the Debtors hereby request and moves the Court under the provisions of this Plan outlined in § IX hereinbelow, for confirmation pursuant to the "cramdown" provisions of § 1129(b) of the Bankruptcy Code. In connection therewith, the Debtors shall be allowed to modify the proposed treatment of the allowed claims in any class that votes against the Plan consistent with § 1129(b)(2)(A).

## X. "CRAMDOWN" FOR IMPAIRED CREDITORS NOT ACCEPTING THE PLAN

In respect to any class of creditors impaired but not accepting the Plan by the requisite majority in number or two-thirds in amount, the proponent of this Plan requests the Court to find that the Plan does not discriminate unfairly and is fair and equitable in respect to each class of claims or interests that are impaired under the Plan and that the Court confirm the Plan without such acceptances by the said impaired classes. The Debtor will also request that the Court establish a value for any assets, the value of which is in dispute between the Debtor and any secured creditor, at a valuation hearing under § 506 of the Bankruptcy Code, to be scheduled at the same time as the hearing on confirmation of the Plan.

## XI. RETENTION OF JURISDICTION

The Bankruptcy Court shall retain jurisdiction of these proceeding pursuant to and for the purposes of §§ 105(a) and 1127 of the Code and for, without limitation, the following purposes, <u>inter alia</u>:

1. to determine any and all objections to the allowance of claims and/or interests;

2. to determine any and all applications for allowance of compensation for periods prior to or after the Confirmation Date;

3. to determine any and all applications pending on the Confirmation Date for the rejection and disaffirmance or assumption or assignment of executory contracts and the allowance of any claim resulting therefrom;

4. to determine all controversies and disputes arising under or in connection with the Plan;

5. to determine all applications, adversary proceedings and litigated matters pending on the Confirmation Date;

6. to effectuate payments under, and performance of, the provisions of the Plan, including, but not limited to, future sales of personal and real property retained by the Estate;

7. to determine such other matters and for such other purposes as may be provided for in the confirmation order;

8. to determine all disputes regarding property of the estate;

9. to establish and adjust procedures for the orderly administration of the estate;

10. to determine matters that are subject to proceedings duly removed to the Bankruptcy Court;

11. to replace the Debtors-in-Possession with a Trustee for good cause shown; and

12. to reopen this proceeding for purposes of granting a discharge in accordance with the provisions of 11 U.S.C. § 1141(d)(5).

## XII. DISCHARGE UPON CONFIRMATION OF PLAN ON THE EFFECTIVE DATE

In accordance with 11 U.S.C. § 1141(d)(5), the Debtors hereby provide notice that they are seeking an Order from this Court allowing discharge upon confirmation of Plan on the Effective Date of all claims and liens which existed prior to confirmation of the Plan, except for liens, payments and distributions expressly provided for in the Plan. The Debtors submit that the proposed Plan provides payments on account of all allowed claims. Pursuant to the terms of the Debtors' Plan, all unsecured and under-secured classes under the Plan shall, to the extent of their impairment, be treated as a Class XI general unsecured claim. The Class XI claimants shall be paid from liquidation of Debtor's one-third (1/3) interest in Currin and Dorman, Inc. valued at $100,000.00, and shall also hold a properly recorded, second deed of trust on four (4) rental duplexes located at 346-414 S. Orange Street, Coats, NC 27521 in the amount of $141,000.00. The collateral having a value per Debtors Plan of $244,920.00 and being secured with a first deed of trust in favor of BB&T Mortgage in the amount of $157,439.41 as of May 24, 2010. Accordingly, the unsecured creditors under the Plan are adequately protected against future defaults by the value of the additional collateral as set forth in the Liquidation Analysis attached to the Disclosure Statement as *Exhibit A*. **The Debtors hereby give notice that they intend to seek the above-referenced relief at the hearing on confirmation of this Plan. The discharge will be fully effective against all creditors regardless of whether they have voted to accept or reject the Plan and regardless of whether the Plan is confirmed by consent or by resort to the provisions of § 1129(b) of the Bankruptcy Code. Except as otherwise provided in the Plan, the confirmation of the Plan vests all of the property of the estate in the Debtors.**

## XII. MISCELLANEOUS PROVISIONS

A. <u>Survival of Terms</u>. The covenants, representations and agreements made in this Plan shall survive the Confirmation Date and the transactions contemplated herein.

B. <u>Successors Bound</u>. This Plan shall on the Consummation Date be binding upon and inure to the benefit of the respective heirs, successors and assigns of the Debtors and the holders of claims and interests.

C. **Controlling Law.** This Plan shall be read and construed and take effect in all respects in accordance with the law as set forth in the United States Bankruptcy Code and the Rules promulgated thereunder.

D. **Further Assurance.** If at any time, the Debtors shall consider, or be advised, that any further releases, assurances or documents are reasonably necessary or desirable to carry out the provisions hereof, and the transactions contemplated herein, he holders of claims and the holders of interest shall, upon reasonable request, execute and deliver any and all documents and assurances, and do all things necessary or appropriate to carry out fully the provisions hereof.

Respectfully submitted this the 13th day of August, 2010.

RICHARD D. SPARKMAN & ASSOCIATES, P.A.

BY: */s/ Richard D. Sparkman*
Richard D. Sparkman
N. C. State Bar No. 6857
Attorney for Debtors
PO Box 1687
Angier, NC 27501
Telephone: (919) 639-6181

BY: */s/ Derek Thomas Currin*
Derek Thomas Currin

BY: */s/ Patricia McFall Currin*
Patricia McFall Currin