VAN–034 Order – Rev. 07/25/2010

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
1760–A Parkwood Blvd.
Wilson, NC 27893

IN RE:
Derek Thomas Currin
 ( debtor has no known aliases )
P.O. Box 1113
Coats, NC 27521

CASE NO.: 10–04101–8–JRL

DATE FILED: May 20, 2010

CHAPTER: 11

Patricia McFall Currin
 ( debtor has no known aliases )
P.O. Box 1113
Coats, NC 27521

ORDER CONDITIONALLY APPROVING DISCLOSURE STATEMENT,
FIXING LAST DAY TO FILE OBJECTIONS TO THE DISCLOSURE STATEMENT,
FIXING LAST DAY TO FILE ACCEPTANCES/REJECTIONS OF THE PLAN,
SETTING HEARING ON CONFIRMATION OF THE PLAN,
DIRECTING THAT BALLOTS BE FILED, AND
DIRECTING THE PLAN PROPONENT TO FILE REPORT ON BALLOTS

A(n) disclosure statement under chapter 11 of Title 11 of the United States Code having been filed on **August 18, 2010**, and a(n) plan having been filed on **August 18, 2010**, referred to hereafter as plan and disclosure statement, and

It having been determined that the disclosure statement contains adequate information; now therefore,

IT IS ORDERED AND NOTICE IS HEREBY GIVEN that:

A. The disclosure statement referred to above is conditionally approved.

B. **October 8, 2010** is fixed as the last day for filing and serving in accordance with Rule 3017(a), Federal Rules of Bankruptcy Procedure, written objections to the disclosure statement. If no objections or requests to modify the disclosure statement are filed on or before that date, the conditional approval of the disclosure statement shall become final. Any objections to or requests to modify the disclosure statement will be considered at the confirmation hearing held pursuant to 11 U.S.C. § 1128(a) and Rule 3020(b), Federal Rules of Bankruptcy Procedure.

C. The hearing on confirmation of the plan is scheduled as follows:

 DATE:     Monday, October 18, 2010
 TIME:     03:00 PM
 PLACE:    300 Fayetteville Street, 3rd Floor Courtroom, Raleigh, NC 27602

**As stated in the disclosure statement, the debtor's plan proposes that the discharge in this case shall become effective upon confirmation of the plan. Any objection to that proposal must be filed by the deadline for objections contained in this notice. Whether or not an objection is filed, the court may or may not grant the relief requested based on whether or not the debtor has set forth sufficient cause as required by 11 U.S.C. Sec. 1141(d)(5)(A) in the disclosure statement.**

D. **October 8, 2010** is fixed as the last day for filing written acceptances or rejections of the plan. The enclosed ballot should be completed and filed with the plan proponent on or before that date.

E. **October 8, 2010** is fixed as the last day for filing and serving written objections to confirmation of the plan pursuant to Rule 3020(b)(1), Federal Rules of Bankruptcy Procedure.

F. Within fifteen (15) days after entry of this order, the plan proponent must transmit the disclosure statement and plan referred to above, this order, and official form 14 (ballot for accepting and rejecting the plan), to all creditors, equity security holders, Bankruptcy Administrator, and other parties in interest as provided in Rule 3017(d), Federal Rules of Bankruptcy Procedure. A certificate of service must be filed with the court within three (3) days evidencing service.

G. The plan proponent must prepare and file a summary report on the votes, with a copy of each ballot attached, with the court at or before the hearing on the plan which is set in paragraph C above. The report should identify the name of the creditor by class as designated in the plan, the acceptance, rejection, or, if no vote cast by the creditor, the amount of each creditor's claim or amount of each creditor's vote. The report must be summarized by each class of creditor established in the plan and indicate if the number of acceptances obtained were by the holders of two–thirds in amount and more than one–half in number of claims in each class voting on the plan. A copy of the report must be served on the

U.S. Bankruptcy Administrator  
434 Fayetteville Street Mall  
Suite 620  
Raleigh, NC 27601

as well as on each member of the unsecured creditors' committee and counsel for the unsecured creditors' committee. The report as filed with the clerk of court must have a certificate of service reflecting proper service on the parties.

DATED: August 23, 2010

J. Rich Leonard  
United States Bankruptcy Judge